# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 22-30629 |
| Francois Marc Gason, | Chapter 7 |
| Debtor. | |
| Mary R. Jensen, Acting United States Trustee, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 24-03073 |
| Francois Marc Gason, | |
| Defendant. | |

# ORDER

This adversary proceeding is before the Court on an objection to discharge brought by the U.S. Trustee. The Complaint filed on July 2, 2024 alleges three counts against Francois Marc Gason ("Defendant"): (1) concealment of property of the estate with intent to hinder, delay, or defraud the Chapter 13 Trustee after the date of filing the petition under 11 U.S.C. § 727(a)(2)(B); (2) false oaths in or in connection with the case under 11 U.S.C. § 727(a)(4)(A); and (3) refusal to obey a lawful order under 11 U.S.C. § 727(a)(6)(A). Count III refers to the Defendant's refusal to obey the Court's April 2, 2024 order ("Turnover Order") in this bankruptcy case. Ex. 23. On February 6, 2025, the Court held a trial, a recording of which can be found at ECF No. 31 (hereinafter "Trial").  The Complaint was amended at the close of trial upon agreement of the parties to add another count under 11 U.S.C. §727(a)(6)(A) for the Defendant's refusal to obey the Court's December 27, 2024 order ("Sanctions Order") in Adv. Proc. No. 24-03063. Ex. 24.

1

At trial, appearances were made by Nathan M. Hansen for the Defendant; Colin Kreuziger for Mary R. Jensen, Acting United States Trustee ("Plaintiff"); and Karl J. Johnson for Creditor, Lucia Gason ("Ms. Gason"). Several witnesses testified: Ms. Gason; Heather Forrest, counsel for the Chapter 13 Trustee; Nauni J. Manty as the Chapter 7 Trustee ("Trustee"); and the Defendant. Prior to trial, the parties stipulated to the admission of the following exhibits: 1–8; 12–40; 41.1–41.13; and 41.17–41.25. The following exhibits were admitted at trial without objection: 9–11; an excerpt from 41 (pg. 135, lines 7–14); and 42. The Court also considered the parties' Stipulation of Facts ("Stip"). ECF No. 22; Ex. 42. The Court ordered the parties to submit post-trial briefs with respect to supporting the positions taken at trial and whether the Defendant had a defense to the claims brought under 11 U.S.C § 727(a)(6)(A). ECF No. 33.

The parties submitted their briefs on February 20, 2025. ECF No. 37, 38. The Plaintiff's counsel filed a response arguing the Defendant's brief was an improper attempt to introduce evidence not presented at trial and insert Belgian law, among other things. ECF No. 39. The Court ordered counsel for the Defendant to file a brief that complied with the Order for additional briefing. ECF Nos. 33, 41. On March 16, 2025, counsel for the Defendant withdrew his first trial brief and filed a conforming trial brief indicating the Defendant has no legal defense to the section 727(a)(6)(A) claims. ECF No. 45. On March 25, 2025, the Court held a hearing on the issues addressed in the trial briefs, a recording of which can be found at ECF No. 47 (hereinafter "Hr'g"). Appearances were made by Colin Kreuziger for the Plaintiff and Nathan M. Hansen for the Defendant. At the hearing, the parties agreed the Plaintiff alleges the Defendant refused to follow the Turnover Order and the Sanctions Order (collectively, "Orders"). Hr'g at 0:01:25–0:02:20.

For the following reasons, the Plaintiff's objection to the Defendant's discharge under 11 U.S.C. § 727 (a)(6)(A) is sustained. The Court need only find that the Plaintiff proved each element of at least one claim to deny a debtor's discharge. Thus, because the Court finds that the Plaintiff proved the Defendant should be denied a discharge under 11 U.S.C. § 727(a)(6)(A) and although ample evidence supports the remaining claims, the Court need not adjudicate them.

## JURISDICTION

The complaint is filed under Fed. R. Bankr. P. 7001(d). The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

## FINDINGS OF FACT

In accordance with Federal Rule of Civil Procedure 52, the Court makes the following findings of fact. Fed. R. Civ. P. 52(a)(1) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."); Fed. R. Bankr. P. 7052 (incorporating Fed. R. Civ. P. 52). The findings of fact are limited to the facts related to the claims for refusal to obey a court order under 11 U.S.C. § 727(a)(6)(A). To the extent factual findings are included in other parts of the Court's decision, the Court incorporates such findings herein.

1. The Plaintiff is the Acting United States Trustee for Region 12, which covers the Federal Judicial Districts of Iowa (Northern & Southern Districts), Minnesota, North Dakota, and South Dakota. Stip. ¶ 1.

2. The Defendant was a resident of the State of Minnesota when he commenced his bankruptcy petition. He moved to Belgium in June of 2023. The Defendant filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 23, 2022 (Case No. 22-30629).

    The Court converted the case to Chapter 7 on February 5, 2024, and the Trustee was appointed. Stip. ¶ 2.

3. The Defendant has owned an apartment building located at 79 Rue de L'Ete, 1050 Ixelles, Brussels, Belgium ("Apartment Building") since 1989. The Defendant knew of his ownership interest in the Apartment Building prior to his bankruptcy case. The Defendant rents apartments in the Apartment Building to tenants. The Defendant currently manages the Apartment Building. Stip. ¶ 3.

4. The Apartment Building is valued at $2,000,000.00. Stip. ¶ 4.

5. The Defendant has also owned a one-sixth interest in residential real estate located at Rue Coleau 138, 1410 Waterloo, Belgium ("Family Property"), since at least 2010. The Defendant knew of his ownership interest in the Family Property prior to his bankruptcy case. Stip. ¶ 5.

6. The value of the Family Property is $1.7 million. Stip. ¶ 6.

7. The Defendant's interests in the Apartment Building and the Family Property (collectively, "Belgium Properties") were property of the Defendant's bankruptcy estate at the time of the filing of the Defendant's bankruptcy petition, and those ownership interests remain property of the Defendant's bankruptcy estate. Stip. ¶ 7.

8. Between February 9, 2024 and December 27, 2024, the Defendant collected rents from the Apartment Building with a total value of $33,531.93. Stip. ¶ 18.

9. The Defendant collected post-petition rent that is property of the bankruptcy estate. Any additional amounts that the Defendant collected after the date of his bankruptcy petition is property of the bankruptcy estate. Stip. ¶ 26.

10. On March 19, 2024, the Trustee filed a motion for turnover requesting that the Defendant turnover information related to property of the estate. Stip. ¶ 23. No objection was filed.

11. On April 2, 2024, the Court entered the Turnover Order in the bankruptcy case requiring the Defendant to provide the Trustee with online access to the bank accounts at CBC Banque SA and any other bank accounts consisting of rent proceeds from the Apartment Building. The order further directed the Defendant to provide the Trustee with copies of current leases for tenants of the Apartment Building and insurance for the Belgium Properties. Stip. ¶ 24; Ex. 23.

12. The Defendant testified that he took over the management, rents, and expenses of the Apartment Building in 2023. Trial at 1:26:25–1:26:47.

13. In response to an interrogatory request regarding whether there were leases between the Defendant or any of his agents since January 1, 1989, the Defendant responded there were "none." At trial, the Defendant testified that this was a false statement. Trial at 2:16:38–2:18:05.

14. The Defendant testified he is still collecting rents that are generated by the Apartment Building and conceded that he has no plans to turn any of those funds over to the Trustee. Trial at 2:22:50–2:23:15. The Defendant's testimony shows that he was aware of the Turnover Order and that it was directed at him.

15. The Defendant did not file for relief from the Turnover Order.

16. The Defendant has refused to provide the Trustee with access to the bank accounts consisting of rent proceeds, copies of current leases for tenants of the Apartment Building, and proof of insurance for the Belgium Properties. Stip. ¶ 25. This violates the Turnover Order. Even when confronted at trial with the requirement to turn over the documents

pursuant to the Turnover Order (admitted as Exhibit 23), he continued to refuse to turn them over.

17. On December 27, 2024, the Court entered the Sanctions Order, which ordered judgment to be entered in favor of the Trustee in the amount of $33,860.61 and the Defendant to pay $1,485.00 to the Trustee as a discovery sanction. Stip. ¶ 27; Ex. 24.

18. The Defendant testified that he will not pay any money (including the sanction amount) owed to the bankruptcy estate as ordered for two reasons: (1) his understanding of Belgium law is that it prevents such payments that would effectively make him a ward of the state; and (2) there are a lot of costly maintenance problems with the Apartment Building. Trial at 2:23:27–2:25:25. The Defendant's testimony shows he was aware of the Sanctions Order and it was directed at him. (The Sanctions Order was admitted as Exhibit 24 at trial.) The Defendant did not agree to pay any amounts during the trial.

19. The Defendant did not file for relief from the Sanctions Order.

20. To date, the Defendant has refused to pay the sanctions amount to the Trustee. Stip. ¶ 27. This violates the Sanctions Order.

21. Neither the Turnover Order nor the Sanctions Order required the Defendant to respond to a material question or testify.

22. The Complaint in this adversary proceeding, filed on July 2, 2024, alleges three counts: (1) concealment of property of the estate with intent to hinder, delay, or defraud the trustee after the date of filing the petition under 11 U.S.C. § 727(a)(2)(B); (2) false oaths in or in connection with the case under 11 U.S.C. § 727(a)(4)(A); and (3) refusal to obey the Turnover Order under 11 U.S.C. § 727(a)(6)(A).

6

23. At the close of the trial, Plaintiff moved to amend the Complaint to add another count under 11 U.S.C. §727(a)(6)(A) for the Defendant's refusal to obey the Sanctions Order. Trial at 2:55:38–55.

24. The Court ordered the parties to submit post-trial briefs with respect to their positions taken at trial and asked the Defendant to provide a defense, if any, to the claims related to the Defendant's refusal to obey the Orders. ECF No. 33, 41; Trial at 3:05:15–3:05:23.

25. On March 16, 2025, counsel for the Defendant filed a post-trial brief stating that counsel for the Defendant "does not have a legal argument for this issue [of the Defendant's refusal to obey the Orders] within the confines of the Court's evidentiary orders in this case." ECF No. 45.

26. At the hearing to discuss the post-trial briefing, the parties agreed, of the four counts against the Defendant, there are two counts under 11 U.S.C. §727(a)(6)(A)—one count for his refusal to obey the Turnover Order and one count for his refusal to obey the Sanctions Order. Hr'g at 0:01:25–0:02:20.

27. The Court finds that the Defendant refused to comply with the Orders. The Defendant's post-trial briefing on this issue indicates the Defendant cannot disagree. ECF No. 45.

## **DECISION**

To prevail in an action to deny a debtor's discharge, the objecting party must prove each element under 11 U.S.C. § 727 by a preponderance of the evidence. In re Dykes, 590 B.R. 904, 909 (B.A.P. 8th Cir. 2018), aff'd, 954 F.3d 1157 (8th Cir. 2020). The Plaintiff raises several grounds for the Court to deny discharge. The Court need only find that an objecting party proved each element of at least one claim to deny a debtor's discharge. Therefore, the Court will only analyze the claims under 11 U.S.C. § 727(a)(6)(A).

Under this section, discharge is to be denied if "the debtor has refused, in the case . . . to obey any lawful order of the court." 11 U.S.C. § 727(a)(6)(A). By the clear language of the statute, the plaintiff must show by a preponderance of the evidence that: (1) the court issued an order directed at the defendant; (2) the order was lawful; (3) the order was not one requiring a response to material question or to testify; and (4) the defendant refused to obey the order. In re Green, 335 B.R. 181, 183 (Bankr. D. Utah 2005). The term "refused" means that the plaintiff must establish that the defendant willfully and intentionally refused to obey the court's orders. See, e.g., In re Ireland, 325 B.R. 836, 838 (Bankr. E.D. Mo. 2005).

The facts related to the section 727(a)(6)(A) claims are undisputed. The Plaintiff established by a preponderance of the evidence the claims necessary to deny discharge under section 727(a)(6)(A). It is undisputed that the Orders: (1) were directed at the Defendant; (2) were lawful; (3) were not orders that required the Defendant to give a response to a material question or testify; [1] (4) and were refused to be obeyed by the Defendant. In re Green, 335 B.R. 181, 183 (Bankr. D. Utah 2005).

The Plaintiff established that the Defendant's refusal to obey the Orders was willful and intentional. In re Ireland, 325 B.R. at 838. Even after the Turnover Order was admitted at trial as Exhibit 23 and when confronted at trial with the requirement to turn over the documents, the Defendant refused to turn them over again. The Defendant does not argue an inability to provide copies of the documents that he was ordered to provide the Trustee. Rather, the Defendant conceded the existence of leases for tenants of the Apartment Building when he testified that he

---

[1] And, while not applicable here, another section of the statute contemplates denial of discharge when an order requires the Defendant to give a response to a material question or testify. See 11 U.S.C. § 727(a)(6)(C) (establishing grounds for denial of discharge if "the debtor has refused, in the case … on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.").

8

made a false statement in saying there were none. Trial at 2:16:38–2:18:05. The Defendant's counsel stated there is no defense as to why the Defendant has not yet provided the requested documents to the Trustee. ECF No. 45. The Defendant simply refused to obey the Turnover Order.

Similarly, the Sanctions Order was admitted as Exhibit 24 at trial and the Defendant refused to agree to pay any amounts during the trial. The Defendant testified he refused to pay any money to the Trustee (including the sanctions in the Sanctions Order) because of costly "maintenance problems" with the Apartment Building, and his fear of becoming a "ward of the state." Trial at 2:23:27–2:25:25. As Defendant's counsel acknowledged, neither excuse is a legal defense to the Defendant's refusal to obey the Sanctions Order. ECF No. 45.

The Defendant's testimony shows that he acknowledged the Orders and refused to comply. Further, the Defendant has never denied knowing about the Orders. The Defendant has not provided a legal defense to noncompliance with the Orders, has not made reasonable efforts to attempt to comply with the Orders, or filed for relief from the Orders. In re Coffey, 647 B.R. 365, 393 (providing the defense of inability to comply with a court order if debtors show that they took reasonable efforts to attempt to comply with the order).

Given this record and the acknowledgment of the Defendant's counsel that the Defendant has no legal defense to the section 727(a)(6)(A) claims, the Court finds that the Defendant willfully and intentionally refused to obey the Orders. Therefore, the Court finds that the Plaintiff proved the claims under section 727(a)(6)(A) by a preponderance of the evidence and the Court denies discharge. The Court need not adjudicate the two remaining claims.

## CONCLUSIONS OF LAW

The Defendant is denied discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

**IT IS HEREBY ORDERED:**

The Defendant's discharge is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

DATED: *April 11, 2025*

s/ William J. Fisher
_____
William J. Fisher
United States Bankruptcy Judge